**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ISABELA MANUEL-MIGUEL, | No. 08-70271 |
| Petitioner, | Agency No. A070-172-386 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted September 1, 2010
Seattle, Washington

Before: HAWKINS and McKEOWN, Circuit Judges, and WHELAN, District Judge.[**]

Isabel Manuel-Miguel, a native and citizen of Guatemala, petitions for

review of an order by U.S. Immigration and Customs Enforcement ("ICE")

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Thomas J. Whelan, United States District Judge for the Southern District of California, sitting by designation.

reinstating her prior order of deportation pursuant to 8 U.S.C. § 1231(a)(5). We have jurisdiction under 8 U.S.C. § 1252 and we affirm.

The application of § 1231(a)(5) to Manuel is not impermissibly retroactive. Manuel departed, entered, and remained the United States while subject to an in absentia order of deportation *after* the effective date of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. 104-208, div. C, 110 Stat. 3009-546. Thus, § 1231(a)(5) does not impermissibly "'impair rights [Manuel] possessed when [she] acted, increase [her] liability for past conduct, or impose new duties with respect to transactions already completed.'" Fernandez-Vargas v. Gonzales, 548 U.S. 30, 37 (2006) (quoting Landgraf v. USI Film Products, 511 U.S. 244, 280 (1994)).

Although Manuel invokes her expectation interests in seeking relief based on her 1993 asylum application, her argument is unavailing. Manuel improperly filed for asylum at the Portland asylum office even though she was already in deportation proceedings and was thus required to file her asylum application in the Los Angeles Immigration Court. See 8 C.F.R. § 208.4(c)(1) (1993). In addition, Manuel never sought to reopen her proceedings to seek asylum after entry of her 1993 in absentia order. See 8 C.F.R. § 208.4(c)(2) (1993). Manuel's application does not establish reliance interests for the purposes of the retroactivity analysis.

2

For similar reasons, we need not address Manuel's argument that § 1231(a)(5) does not bar her from seeking asylum. Although 8 U.S.C. § 1158(a)(1) guarantees Manuel a right to apply for asylum "irrespective of [her] status," no asylum application was properly filed. Once Manuel was put in deportation proceedings in 1993, she was required to file her application for relief in immigration court, see 8 C.F.R. § 208.4(c)(1) (1993); once the immigration judge ordered deportation, Manuel was required to seek asylum or other relief in conjunction with a motion to reopen. See 8 C.F.R. § 208.4(c)(2) (1993); see also 8 C.F.R. § 1208.4(b)(3)(ii). Manuel pursued neither of these avenues. As a result, regardless of the reinstatement statute, the asylum office never had authority to grant Manuel's requests for relief in 1993 and 2006.

Manuel's due process arguments have no traction as she cannot show prejudice. Manuel conceded that she met the predicate elements of the statute: namely, (1) alienage; (2) a prior order of deportation; and (3) illegal reentry into the United States. Because Manuel "does not challenge any of the three relevant determinations underlying a reinstatement order," she cannot show any plausible grounds for relief. Padilla v. Ashcroft, 334 F.3d 921, 925 (9th Cir. 2003) (internal quotation marks omitted); accord Morales-Izquierdo v. Gonzales, 486 F.3d 484, 495-96 (9th Cir. 2007) (en banc).

3

Finally, Manuel's claim for nunc pro tunc relief fails. Manuel's request for a remand on her asylum claim is unavailing as she can point to no agency error that "result[ed] in [her] being deprived of the opportunity to seek a particular form of deportation relief." Edwards v. INS, 393 F.3d 299, 311 (2d Cir. 2004).

Manuel's request for an opportunity to seek retroactive admission fails as well. Manuel does not meet a necessary criterion for a waiver—namely, the requirement of remaining outside the United States for ten consecutive years after her 1993 removal order. See 8 U.S.C. § 1182(a)(9)(C)(ii); Gonzales v. DHS, 508 F.3d 1227, 1242 (9th Cir. 2007).

The petition for review is DENIED.

4